**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ATLANTIC CITY CASUALTY INSURANCE COMPANY, | § § § |
| Plaintiff, | § § |
| VS. | §   CIVIL ACTION NO. H-10-1869 |
| KRSN ELITE ENTERPRISES, LLC, *et al.*, | § § § |
| Defendants. | § § |

**TEMPORARY RESTRAINING ORDER**

The plaintiff, Atlantic Casualty Insurance Company ("ACIC"), has filed an Application for a Temporary Restraining Order against the defendants, KRSN Elite Enterprises, LLC, individually and a/k/a Elite Properties d/b/a KRSN Elite Properties, LLC, KRSN Star Ventures LLC, KRSN Enterprises, LLC, individually and d/b/a Country Meadows Duplexes and d/b/a Country Meadows Townhomes, Nadeera Chatarpal, individually and as Member and/or Director of KRSN Elite Enterprises, LLC, KRSN Enterprises, LLC and KRSN Star Ventures, LLC and Munilall Chatarpal, individually and as Member and/or Director of KRSN Elite Enterprises, LLC, KRSN Enterprises, LLC and KRSN Star Ventures, LLC (collectively referred to as the Defendants). The court, having considered the verified pleading, the TRO application, and the affidavit in support, finds as follows:

1. imminent harm will be inflicted on ACIC if a temporary restraining order is not entered because the record shows that funds paid to the Defendants are currently being transferred overseas to China, to undisclosed accounts, or otherwise hidden or disposed of, and that at least one of the properties at issue in this lawsuit has been foreclosed on;

2. the harm inflicted on ACIC will be substantial and irreparable if the restraining order does not issue, because the Defendants have transferred the funds to hidden and overseas accounts, and have falsified records about the true ownership of the properties at issue in this lawsuit;

3. ACIC has a substantial likelihood of success on the merits;

4. ACIC does not have an adequate remedy at law in that, among other things, the funds paid by ACIC and which ACIC seeks to recover will not be recoverable;

5. the harm faced by Atlantic Casualty outweighs the harm that will be sustained by Defendants from the temporary restraining order because ACIC has virtually no chance of recovering the funds at issue in this lawsuit if the temporary restraining order is not granted while no harm to Defendants will be sustained as a result of the temporary restraining order as Defendants will still have access to their accounts and property; and

6. issuance of a temporary restraining order serves the public's interest in preventing future insurance fraud.

The temporary restraining order is issued because notice to the Defendants will enable them to engage in further transfers of ACIC's funds before an injunction prohibiting these transfers can be obtained, causing ACIC to suffer immediate and irreparable injury, loss, or damage.

It is ordered that the defendants, KRSN Elite Enterprises, LLC, individually and a/k/a Elite Properties d/b/a KRSN Elite Properties, LLC, KRSN Star Ventures LLC, KRSN Enterprises, LLC, individually and d/b/a Country Meadows Duplexes and d/b/a Country Meadows Townhomes, Nadeera Chatarpal, individually and as Member and/or Director of KRSN Elite Enterprises, LLC, KRSN Enterprises, LLC and KRSN Star Ventures, LLC and Munilall Chatarpal, individually and as Member and/or Director of KRSN Elite Enterprises, LLC, KRSN Enterprises, LLC and KRSN

Star Ventures, LLC, and any persons or entities acting in concert, be immediately restrained from the following:

1. transferring any funds from any bank account held in the name of any of the Defendants or any account for which Defendants have a financial interest except for payment of normal and routine household living expenses and payment of regularly scheduled household bills; and

2. selling, transferring, refinancing, or mortgaging any real property for which any Defendant has an ownership interest.

The plaintiff, ACIC, will post a bond or cash in lieu thereof in the amount of $10,000.

A hearing on the plaintiff's Application for Temporary Injunction is set for **June 4, 2010 at 11:00 a.m.** in Courtroom 11-B. Counsel for ACIC must promptly serve the Defendants and provide notice of the hearing.

The Temporary Restraining Order will expire fourteen days from the date hereof unless previously dissolved or extended by the court or by agreement of the parties.

SIGNED on May 26, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge